Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edward A. Bobrick | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 6188 | DATE | 4/25/2003 |
| CASE TITLE | Christopher G. Bowman, D.O. vs. Reliance Standard Life Insurance Co | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's Motion for Reconsideration of Denial of Attorneys' Fees [21-1] is denied. Enter Memorandum Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | APR 30 2003 date docketed | 23 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 4/25/2003 date mailed notice | |
| SRB | courtroom deputy's initials | Date/time received in central Clerk's Office | SB mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION



APR 3 0 2003

| | |
|---|---|
| CHRISTOPHER G. BOWMAN, D.O., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 02 C 6188 |
| ) | |
| RELIANCE STANDARD LIFE ) | Edward A. Bobrick, |
| INSURANCE COMPANY, ) | Magistrate Judge |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Before the court is the motion of plaintiff Christopher Bowman for reconsideration of this court's ruling of March 21, 2003.

On March 21, 2003, this court granted plaintiff's motion for summary judgment but denied his request for fees. Plaintiff now moves for an order altering that judgment and awarding fees under Fed.R.Civ.P. 59(e). Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence. *Romo v. GulfStream Coach, Inc.*, 250 F.3d 1119, 1121 (7th Cir. 2001). Here, plaintiff suggests that the court committed an manifest error of law by applying the wrong standard to his request for attorney's fees. The plaintiff, however, has not directed the court to a standard that is any different than the one the court applied in its previous ruling.

As this court has already noted, ERISA allows a court, in its discretion, to award "a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1); *Fritcher*, 301 F.3d at 818. While there may be a "modest presumption" in favor of an award of fees, there are, nevertheless, two tests for analyzing whether that "modest presumption is applicable to a particular case. One is a five factor test, in which the court considers: (1) the degree of the offending party's "culpability or bad faith"; (2) the degree of the offending party's ability to satisfy an award of attorney's fees; (3) the degree to which such an award would "deter other persons acting under similar circumstances"; (4) the amount of benefit conferred on all the plan members; and (5) the relative merits of the parties' positions. *Fritcher*, 301 F.3d at 819. The second test looks to whether a party's position was substantially justified. *Quinn v. Blue cross and Blue Shield*, 161 F.3d 472, 478 (7th Cir. 1998). The Seventh Circuit has suggested that both tests ask essentially the same question: "was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent." *Id.* Once again, as we already have a month ago, we find that an award of fees is inappropriate under these standards.

As we already noted, there is nothing in the record that would lead the court to suspect the defendant was out to harass the plaintiff. This was a case of an insurance company interpreting the evidence from its perspective. The evidence in this case was not, as the plaintiff thinks, completely one-sided. There were some conflicting doctors' reports, which the insurance company had to resolve. Because the review of the defendant's decision was *de novo*, however, the court did not have to defer to those resolutions. *Wallace v. Reliance*

2

*Standard Life Ins. Co.*, 318 F.3d 723, 724 (7th Cir. 2003). As a whole, the record shows that the defendant considered plaintiff's claim in good faith and gave plaintiff and his counsel every opportunity to support his claim. Indeed, if anything, the defendant went beyond its obligations in that respect. It was plaintiff, or his counsel, who dropped the ball by failing to provide additional medical evidence despite two deadline extensions, and by failing to accomplish the simple task of providing a job description to accompany plaintiff's claim. No, this is not a case where an award of attorney's fees is warranted.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to alter or amend judgment under Rule 59(e) is DENIED.

ENTERED: *Edward A. Bobrick*
EDWARD A. BOBRICK
U.S. MAGISTRATE JUDGE

DATE: April 25, 2003